IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHELE VILLANUEVA, RUSSELL SUBIA, MARISA MCCONVILLE, LIAM MCCONVILLE, and KATHRYN LANGER, § § § § | | |
| Plaintiffs, § | | |
| v. § | 1:23-CV-1246-RP | |
| § | | |
| VILLAGE OF VOLENTE, TEXAS, § § | | |
| Defendant. § | | |

## ORDER

Before the Court is Plaintiffs Michele Villanueva, Russell Subia, Marisa McConville, Liam McConville, and Kathryn Langer's (collectively, "Plaintiffs") motion to stay. (Dkt. 35). Defendant Village of Volente, Texas (the "Village") filed a response in opposition, (Dkt. 36), and Plaintiffs filed a reply, (Dkt. 37).

Plaintiffs filed their complaint in this case on October 16, 2023, challenging the Village's regulation of short-term rentals ("STRs") on several constitutional grounds. Four of the five plaintiffs were previously denied a conditional use permit ("CUP") for the short-term renting of their homes. (Dkt. 1). On May 13, 2024, the Court issued an order denying Plaintiffs' motion for preliminary injunction, finding that Plaintiffs were unlikely to succeed on the merits of three of the claims that they assert. (Dkt. 25). Discovery closed on August 15, 2024. (Scheduling Order, Dkt. 24). The dispositive motions deadline is approaching on September 16, 2024, and trial is scheduled for March 31, 2025. (*Id.*).

In their instant motion to stay, Plaintiffs represent that the McConvilles and Subia/Villanueva are in the process of reapplying for short-term rental CUPs following a mandatory six-month waiting period set out in the Village's ordinances. (Mot., Dkt. 35, at 2); *see also* Vill. Of

1

Volente Code of Ords. § 9.02.192(e)(D). They assert that if Plaintiffs succeed with their new applications, the harms that they allege in this case will be ameliorated. Therefore, they request that the Court stay this case while the McConvilles and Subia/Villanueva pursue these administrative remedies. (Mot., Dkt. 35).

A district court has the inherent power to stay proceedings incidental to its power to control the disposition of its docket. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936); *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983). "The proponent of a stay bears the burden of establishing its need." *Clinton*, 520 U.S. at 708. In determining whether a stay is proper, the Court should consider three factors: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *Dwyer v. USAA Savings Bank*, 2017 WL 7805760, at *1 (W.D. Tex. Nov. 21, 2017). When exercising its discretion, the Court is "guided by the policies of justice and efficiency." *Boudreaux v. Metro. Life Ins. Co.*, Civ. A. No. 95-CV-138, 1995 WL 83788, at *1 (E.D. La. Feb. 24, 1995).

Plaintiffs argue that a stay is appropriate here because (1) a stay will not prejudice the Village nor will it provide a clear tactical disadvantage to either party; (2) a stay has the potential to simplify the issues because should Plaintiffs obtain CUPs, "it is likely that the case will be dismissed by agreement"; and (3) while discovery is complete, trial is not until March 2025, so a stay of the upcoming dispositive motions deadline will save the parties time and expense in preparing those motions. (Mot., Dkt. 35, at 3–4).

In response, the Village first argues that a stay would prejudice the Village's interest in resolving this litigation as quickly as possible. (Resp., Dkt. 36, at 2). It argues that although a stay of the dispositive motions deadline would save the parties litigation costs, the parties have already

expended significant resources by engaging in discovery. (*Id.* at 4). The Village next contends that a stay would not necessarily simplify the issues in the case. The Village asserts that it is far from certain that Plaintiffs' renewed CUP applications will be approved because it anticipates that many of the same concerns that led to the first denial of the applications will reemerge during this round of consideration. (*Id.* at 2). The Village also points out that only four of the five plaintiffs are re-submitting CUP applications; Plaintiffs' motion is unclear as to whether Plaintiff Langer—whose CUP has already been approved by the Village—would be resolving her claims should her co-Plaintiffs' applications be approved. (*Id.*). Last, the Village notes that in this suit, Plaintiffs are attacking not only the Village's process for obtaining a CUP permit but also its process for maintaining an annual administrative STR permit. Therefore, even if all Plaintiffs receive CUPs, they may continue to claim that they are aggrieved by aspects of the Village's enforcement mechanism. (*Id.* at 4).

    The Court agrees with the Village. First, a stay would prejudice the Village's interest in resolving this litigation expeditiously. Plaintiffs' motion states that they are in the process of reapplying for their CUPs, but the motion does not specify how long of a stay Plaintiffs are requesting. Given that it could take months for Plaintiffs to properly compile their applications and proceed through the Village's administrative process, an indefinite stay of the case would not be appropriate. Second, a stay would not necessarily simplify the issues in the case. A stay is certainly inappropriate as to Plaintiff Langer's claims because she is not reapplying for a CUP. Even as to the Plaintiffs who are resubmitting their CUP applications, a stay may not simplify their claims because they challenge not only the Village's process for obtaining a STR permit but also the process for maintaining one. Thus, even if they are successful this time in obtaining permits, all of Plaintiffs' grievances as to the Village's enforcement process would remain. Last, the fact that this case is in its late stages counsels against a stay. The parties have already invested significant resources in this

litigation by arguing the motion for preliminary injunction and completing discovery. The Court finds that it would be an inefficient use of the parties' and Court's resources to stay this case on the eve of the dispositive motions deadline.

For those reasons, **IT IS ORDERED** that Plaintiffs' motion to stay, (Dkt. 36), is **DENIED**.

**SIGNED** on September 11, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE